IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILKINS ROMAN-SAMOT<br>Plaintiff<br><br>v.<br><br>PONTIFICAL CATHOLIC UNIVERSITY<br>OF PUERTO RICO<br>Defendant | Case No.: 10-cv-01878 (SEC) |

**PLAINTIFFS OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

Now come Plaintiff Wilkin Roman Samot, represented by the undersigned counsel, and most respectfully states and prays as follows:

I.    INTRODUCTION

Defendant Pontifical Catholic University of Puerto Rico moves for the dismissal of the case at bar pursuant Fed. R. Civ. P. 12 (b) (6) (D.E. # 14) arguing, in sum, that: 1) the Plaintiff failed to exhaust administrative procedures; 2) Puerto Rico Law 115 of December 20, 1991, 29 L.P.R.A. § 194 et seq does not apply since the Plaintiff does not allege appearance before a Commonwealth of Puerto Rico administrative, legal or legislative forum; 3) and that the Tort claims are time barred.

Defendant also moves that certain allegations of the complaint be stricken.

Plaintiff hereby opposes defendant's motion to dismiss on the following grounds and moves that said motion be therefore denied *in toto*.

II.   BACKGROUND

Before addressing the merits of the motion to dismiss, Plaintiff notes and highlights the following facts that becomes evident from the complaint:

1.    The complaint was not filed pursuant 42 U.S.C. § 1983.

2.    The complaint alleges sexual harassment.

3.    The complaint does not alleged discrimination.

4.    The complaint has different causes of action under Puerto Rico and Federal Law.

5. The complaint has two different jurisdictional foundations. These are diversity and federal question.

## III.     STANDARD OF REVIEW

Plaintiff does not take issue with Defendant's description of the standard of review for a motion to dismiss under Rule 12(b)(6). Plaintiff does add the following.

The complaint in the case at bar complies with the pleading standards of **Ashroft v. Iqbal**, 129 S.Ct. 1937 (2009). Plaintiff starts with a basic premise found in **Sanchez v. United States,** 2010 WL 1626118 (D. Puerto Rico 2010). Here, the Court held that the standard for review under Rule 12(b)(1) and 12(b)(6) are the same. ( "Where, as in the instant case, the Court is presented with a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil procedure 12(b)(1)..."; the standard of review for a Rule 12(b)(1) dismissal is the same as that for Rule 12(b)(6). **Sánchez**, *supra,* at slip opinion, p. 6.

Plaintiff is unable to respond to defendant's argument that the complaint fails to comply with the **Iqbal** pleading standards because of their failure to identify which one of them does not. Therefore, like trying to hit a piñata blindfolded, Plaintiff has to blindly appear in a show cause why the *Amended Complaint* should not be dismissed **guessing** which one of the allegations is under attack for want of not meeting the **Iqbal** pleading standards.

The basic test on a motion to dismiss is whether the complaint, with all the well-pleaded material facts taken as true and construed in the light most favorable to the plaintiff, sets forth facts sufficient "...to state a claim to relief that is plausible on its face." **Sánchez**, *supra* at p.6, citing **Iqbel**. The definition found in Merriam-Webster Dictionary for "plausible" is: "superficially fair, reasonable, superficially pleasing or persuasive, appearing worthy of belief". WWW.meriiam-webster.com.  Therefore, the allegations of the complaint under **Iqbal** must be "superficially fair", "reasonable", "appearing worthy of belief" etc.

Legal conclusions, conclusory statements, and "factually threadbare recitals of the

-2-

elements of of a cause of action are to be discarded". **Sánchez**, *supra* at p.6.

Then comes the second test of the analysis:

"Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Id.* This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether **dismissal** under Rule 12(b)(6) is appropriate. *Id.* Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." **Sanchez v. Pereira-Castillo**, 590 F.3d 31, 41 (1st Cir.2009)." **Sánchez v. United States**, *supra*, at p. 7; **Iqbal**, *supra* at 556.

In the case at bar, the complaint clearly shows specific facts from where Plaintiff's causes of action become plausible. The complaint is so specific and well pleaded, that the Defendant is even asking that some of the facts alleged in the complaint be stricken, even though they are relevant.

The Supreme Court in **Iqbal**, also held that the "Plausibility" standard, for complaint to survive motion to dismiss for failure to satisfy short and plain statement requirement, is not akin to probability requirement, but asks for more than sheer possibility that defendant has acted unlawfully.

In sum, the complaint clearly answers the questions that make the facts stated therein plausible. These are: who, what, when, and where.

Plaintiff further notes that a finding that the pleadings of the complaint do not rise to the level of "well pleaded" is not cause for automatic dismissal. An opportunity to amend the complaint should be given to the Plaintiff if feasible. Plaintiff notes that the Supreme Court in **Iqbal** instructed the Second Circuit to consider whether to remand the case to the District Court to allow Iqbal to seek leave to amend his deficient complaint. **Iqbal** at p. 1954. Therefore, the same is requested in the case at bar. If the Court finds that the allegations are not well pleaded, the Plaintiff has a right to an opportunity to amend. This norm is in accord with Hornbook law that cases should be decided on the merits, and not technicalities. **United States v. Green**, 847 F. 2d 622 (10th Cir. 1988).

Discovery should also be allowed prior to dismissal for lack of subject matter

jurisdiction, when discovery can produce evidence of the Court's jurisdiction, in a scenario where dismissal is sought under Rule 12(b)(1) (lack of subject matter jurisdiction). ***Eaton v. Dorchester Development, Inc.***, 692 F.2d 727 (11th Cir. 1982). Given that the standards for dismissal under Rule 12(b)(1) and 12(b)(6) are the same, the same opportunity of discovery prior to dismissal should apply to both scenarios.

### III.   EXHAUSTION OF ADMINISTRATIVE PROCESS

Defendant argues that Plaintiff has not exhausted the Title VII administrative process. Plaintiff does not take issue with this statement.

Since defendant has not answered the complaint, Plaintiff will amend the pleadings removing the Title VII allegations and exchanging them for a Law 100 of June 30, 1959, 20 L.P.R.A. § 146 cause of action.

### IV.   RETALIATION UNDER LAW 115

Defendant argues that Plaintiff failed to make an allegation stating that he had filed a complaint before a legislative, administrative or judicial forum. Though this is true, Defendant conveniently fails to mention that § 2(a) of Law 115 protection, codified at 29 L.P.R.A. § 194a(a), includes, not just someone who actually files a complaint in one of the mentioned forums, but also protects someone who threatens to file a complaint in one of these forums. See ***LUPU v. Wyndham***, 524 F. 3d 312, 313 (1st Cir. 2008) (holding that "threats to offer" are protected activities under Law 115).

As per ¶ 13 of the complaint, Plaintiff did threaten to file legal action against the Defendant.  See also ¶ 18. Therefore, Plaintiff is protected by Law 115, assuming as truthful said allegations.

### V.   STATUTE OF LIMITATIONS

Defendant argues that the case at bar is time barred. Plaintiff cites ***Conde*** *supra* and ***Rivera Muriente*** *supra* cases. The problem with these cases is that they are inapposite to the case at bar. First, they are Civil Rights cases under 42 U.S.C. § 1983, where the statute of limitations is established by federal law in a federal question jurisdiction scenario, when the case at bar is one of diversity. Also, there is a ripeness

issue, since under Puerto Rico law, the right to sue is not created until the cause of action becomes concrete. This means that receiving a letter announcing the dismissal does not trigger the running of the statute of limitations because the damage has not taken place, until the dismissal from his employment becomes real or concrete. In the case at bar, Plaintiff dismissal took place on July 21, 2008. This is the date when the adverse action took place, and the damage became concrete.

WHEREFORE, and in view of the foregoing, Plaintiff moves that Defendant's motion to dismiss be denied.

I HEREBY CERTIFY that a copy of this motion has been notified to brother counsel Jorge Martinez Luciano through the Court's CM/ECG system.

In San Juan, Puerto Rico, this 10th day of May, 2011.

>LAW OFFICE OF MANNY SUAREZ
>P.O. Box 11096
>San Juan, Puerto Rico 00910-2196
>(787) 504-6035
>mannysuarezlaw@hotmail.com
>S/ Manuel R. Suarez Jimenez
>
>_____
>S/ Manuel R. Suárez Jiménez
>USDC-PR # 202914