IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILKINS ROMÁN SAMOT<br><br>Plaintiff<br><br>V.S.<br><br>PONTIFICAL CATHOLIC UNIVERSITY OF PUERTO RICO<br><br>Defendant | CIVIL CASE NO.: 10-1879 (SEC)<br><br><br><br><br><br>SEXUAL HARASSMENT |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE COURT:**

**COMES** now defendant the **Pontifical Catholic University of Puerto Rico**, through the undersigned attorney and very respectfully, **SETS FORTH** and **PRAYS**:

### I. INTRODUCTION

Earlier today -one day after the expiration of the second extension granted by the Court- plaintiff filed his opposition to defendant's motion to dismiss (docket number 24). Because said opposition brings forth new matters not addressed in the pleadings or in our motion and because those matters might engender some confusion, we hereby submit the foregoing short reply brief, as per Local Rule 7.1(c).

We hereby address plaintiff's arguments, *seriatim*, in the same order in which the same are proffered.

### II. DISCUSSION

#### A) SUBSTITUTION OF THE TITLE VII CLAIMS WITH LAW 100 CLAIMS

As is clear from defendant's dispositive motion, the University moved to dismiss plaintiff's Title VII claim on the grounds that Prof. Román had failed to exhaust the requisite administrative remedies before the U.S. Equal Employment Opportunity Commission (hereinafter referred to as "EEOC")[1].

Plaintiff does not argue otherwise and rather than attempting to establish that he did

---
[1] As explained in our motion, plaintiff could have satisfied this exhaustion requirement by either filing a charge directly before the EEOC or by filing a charge before the Puerto Rico Department of Labor's Anti-Discrimination Unit.

exhaust administrative remedies or that one of the rare exceptions to the exhaustion requirement is present in this case, countered with the following surprising proposition:

> Defendant argues that Plaintiff has not exhausted the Title VII administrative process. Plaintiff does not take issue with this statement.
>
> Since defendant has not answered the complaint, **Plaintiff will amend the pleadings removing the Title VII allegations and exchanging them for a Law 100 of June 30, 1959, 20 L.P.R.A. § 146 cause of action**.

Docket Number 24, at 4 (emphasis added)

The Federal Rules of Civil Procedure do not contemplate the "exchanging" of claims, via motion. Plaintiff of course may file a Second Amended Complaint to file new claims. Under Fed. R. Civ. P. 15(a)(1) a party may amend his/her pleadings "**once** as a matter of course [i.e., without leave of court", either "21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier" (emphasis added). The operative word in the rule is "once", that is, a party gets only one opportunity to amend his or her pleadings without leave of court and "[i]n **all other cases**, a party may amend its pleading **only** with the opposing party's written consent or the court's leave". Plaintiff has already exhausted his one opportunity to amend without leave. See Docket Number 11. Simply put, if plaintiff wishes to include a new Law 100 claim for sexual harassment, he must file a motion requesting leave to do so and tender a **Second** Amended Complaint.

The addition of a Law 100 claim would be **futile** in the context of the instant action, as said claim would be time barred. As recently observed by Judge Gelpí:

> The Supreme Court of Puerto Rico has held that the **one-year statute of limitations** found in Article 1868 of the Puerto Rico Civil Code **applies to Law 100 claims**. Olmo v. Young & Rubicam of P.R., Inc., 110 P.R. Dec. 740, 10 P.R. Offic. Trans. 965 (P.R. 1981); Matos Ortiz v. Commonwealth of Puerto Rico, 103 F. Supp.2d 59, 63-64 (D.P.R. 2000). **A cause of action under Law 100 accrues on the date that the employee becomes aware of the adverse personnel action either through notification by the employer**, see American Airlines v. Cardoza-Rodriguez, 133 F.3d 111, 124-25 (1st Cir.1998), or the effectuation of the decision. See Landrau-Romero v. Banco Popular De P.R., 212 F.3d 607, 615 (1st Cir. 2000) ("Law 100 . . . has a statute of limitations of one year.") (citing Iglesias v. Mutual Life Ins. Co., 156 F.3d 237, 240 (1st Cir. 1998)).

Reyes-Ortiz v. McConnell Valdes, 714 F. Supp. 2d 234, 240 (D.P.R. 2010) (emphasis added)

As per paragraph 31 of the Amended Complaint, on **May 8, 2008** he received a

2

termination letter, effective July 31, 2008.  See Docket Number 11, at ¶ 31.  The first complaint filed by plaintiff (dismissed for failure to tender the requisite filing fee) was filed on July 30, 2009, two months tardily.  As if this were not enough, the first action was dismissed on August 4, 2009 and re-filed on September 13, 2010, more than one year later.  Plaintiff twice allowed more than one year to go by before seeking judicial redress.

In sum, plaintiff cannot "substitute" his Title VII claim for one under Law 100 and if the proper amendment procedures were to be followed, such a claim would still have to be dismissed as time barred.  It is axiomatic that "[t]he law is settled that **futility is a sufficient basis for denying leave to file an amended complaint**." Muskat v. United States, 554 F.3d 183, 195-196 (1st Cir. 2009), accord Foman v. Davis, 371 U.S. 178, 182 (1962); Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 418 (1st Cir. 2007).

B) **LAW 115**

Plaintiff does not deny that he did not complain from the alleged discriminatory[2] conduct before judicial, administrative or legislative fora, as required by Law 115.  Instead, he argues that paragraphs 13 and 18 of the Amended Complaint allege that plaintiff threatened to take legal action against the University and that, under Lupu v. Wyndham El Conquistador Resort & Golden Door Spa, 524 F.3d 312 (1st Cir. 2008), such pleadings suffice to engender Law 115 protection.  Plaintiff clearly misconstrues the Lupu decision.

At no time does the Lupu Court **hold** (as argued by plaintiff in his motion) that **the mere threat** of appearing before a judicial, administrative or legislative forum is actionable under Law 115.  The only mention regarding "threats" in this case is as follows: "[a]t Lupu's deposition, he admitted that he never offered or attempted to offer any information to the Puerto Rico governmental authorities listed in the statute; **nor had he threatened to go to such authorities with any report of perceived irregularities in the operations at the hotel**." Id. at 313 (emphasis added).  The Court ultimately affirmed the dismissal of plaintiff's Law 115 claim upon fiunding that "has not put forward evidence that he 'offered or attempted to offer' testimony or information to a 'legislative, administrative or judicial forum

---

[2] At paragraphs 3-4 of page 1 of his opposition plaintiff alleges that he is alleging sexual harassment and not discrimination.  The problem with this proposition is that sexual harassment constitutes a form of sexual discrimination.  See Wills v. Brown Univ., 184 F.3d 20, 25 (1st Cir. 1998), accord Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986).

3

in Puerto Rico,' as required by the statute" and that plaintiff's "argument stretches the statutory language well beyond any fair reading" and that "[t]he district court was correct to reject it". Id. at 314. The Lupu decision does not help the plaintiff in any way.

Moreover, the statutory language is clear that a violation may be found "should the employee offer or **attempt to offer**". 29 P.R. Laws Ann. § 194a(a) (emphasis added). There is a marked difference between attempting to offer testimony and **threatening** to do so. The latter is not included in the statute. Plaintiff does not plead that he ever took any affirmative steps that could fairly be characterized as an attempt to file a lawsuit until after he ceased working for the University and was therefore beyond the possibility of being retaliated against by his employer.

There is no doubt that plaintiff's allegations that he threatened to sue his former employer do not suffice to state a claim under Law 115.

c) THE TORT CLAIMS ARE TIME BARRED

Plaintiff's sole argument against defendant's contention that his tort claims are time barred is that the cases cited for the proposition that the one-year limitations period begins to run from the date in which the plaintiff is served notice of the adverse employment action are not applicable to this action because they deal with claims asserted under 42 U.S.C. § 1983 and not under 31 P.R. Laws Ann. § 5141. It is firmly established that § 1983 claims filed in this District are subject **to the same limitations period** as those filed under Article 1802 of the Civil Code. Cao v. Puerto Rico, 525 F.3d 112, 114-115 (1st Cir. 2008). Thus, the decisions cited in our motion deal with the accrual of the same limitations period. Nonetheless, just to be sure, the Court may rely on the Puerto Rico Supreme Court's decision in Delgado Rodríguez v. Nazario de Ferrer, 121 D.P.R. 347, 360-361, 21 P.R. Offic. Trans. 342 (1988), which was decided under Article 1802 and not under § 1983 and held that the limitations period accrues upon the receipt of the letter of dismissal and not upon the dismissal itself.

In any event, all of plaintiff's objections cannot spare him of the consequences of filing his second action more than one year after the dismissal without prejudice of his first lawsuit. In other words, if we were to assume *arguendo* that the first action was timely filed, it merely tolled the prescriptive period an additional year after the order of dismissal. Plaintiff obviously blew this term, as explained earlier in this motion.

**WHEREFORE** it is respectfully requested from this Honorable Court that defendant's Motion to Dismiss be hereby **GRANTED**.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the Court's CM/ECF System, which will simultaneously serve notice on all counsels of record to their respective registered e-mail addresses. Any non-registered attorneys and/or parties will be served via regular mail.

In San Juan, Puerto Rico this 10th day of May, 2011.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF PEDRO ORTIZ ÁLVAREZ, PSC**
P.O. Box 9009
Ponce, Puerto Rico 00732
Tel (787) 841-7575
Fax (787) 841-0000

*S/Jorge Martínez Luciano*
**JORGE MARTÍNEZ LUCIANO**
USDC-PR Number 216312
e-mail: squalus@rocketmail.com