IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILKINS ROMAN-SAMOT
Plaintiff

v.

PONTIFICAL CATHOLIC UNIVERSITY
OF PUERTO RICO
Defendant

Case No.: 10-cv-01878 (SEC)

**PLAINTIFFS SUR-REPLY
TO DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DISMISS**

MAY IT PLEASE THE COURT:

Now come Plaintiff Wilkin Roman Samot, represented by the undersigned counsel, and most respectfully states and prays as follows:

## I.   INTRODUCTION

This motion is a sur-reply to Defendants' Opposition to Defendant's Motion to Dismiss. (D.E. # 27).

For ease of analysis, Plaintiff will continue to address the arguments raised by the parties, *seriatim*.

## II.   ARGUMENT

### A)   **Substitution of Title VII Claim with Law 100**

Defendant argues correctly that Pursuant Fed. R. Civ. P. 15(a), a Party can file an amendment to the ***pleadings*** of the complaint without leave of the Court.

Defendant emphasizes the use of the word "once" as the "operative word" in their motion at page 2.

Defendant then argues that because the complaint was already amended, Plaintiff cannot amend it twice without leave of the Court.

Plaintiff, of course, cannot argue against the correct re-statement of Rule 15. Defendant's problem is that the **real** operative word is **"pleadings"**. Did the Plaintiff amend the pleadings of the complaint when it filed a document titled "Amended Complaint", identified as D.E. # 11. The answer is NO. The only "amendment" that took

place between the original complaint and the "Amended Complaint" was a correction of the date. **That is it!** And certainly, a correction of the date is not an amendment to the pleadings of the complaint.

Therefore, Plaintiff is allowed to amend the complaint at bar without leave of the Court pursuant Rule 15 because defendant has yet to file an answer to the Complaint, and no amendments to the pleadings were made in the "Amended Complaint" (D.E. # 11).

Therefore, Plaintiff can amend the complaint regarding the Title VII cause of action to a Law 100.

B)    **Statute of Limitations**

The issue of statute of limitations raised by the Defendant is one of Article III ripeness.  The cases cited by the Defendant relate to when "notification" of a soon to happen (in the future) adverse employment action that has not taken place. Following Defendants faulty logic to its logical consequences, the implication is that an employee can file a complaint against an  employer for a notification of termination of employment the next day after receiving it, when said notification informs that termination will take effect, say, for example,  six months later.

The issue therefore is: when two different dates are interplaying with each other, notification vis a vis effective date of the employment  termination, which one triggers the running of the statue of limitations?

The case cited by the defendants, ***Reyes-Ortiz v. McConnell Valdes,*** 714 F. Supp 2d 234 (D.P.R. 2010), quoting Supreme Court of Puerto Rico cases,  does answer the question. But for some reason, Defendants does not fully quote the case ***Reyes-Ortiz*** and left out language that supports Plaintiffs claim: :

> The Supreme Court of Puerto Rico has held that the one-year statute of limitations found in Article 1868 of the Puerto Rico Civil Code applies to Law 100 claims. ***Olmo v. Young & Rubicam of P.R., Inc.***, 110 P.R. Dec. 740, 10 P.R. Offic. Trans. 965 (P.R.1981); ***Matos Ortiz v. Commonwealth of Puerto Rico***, 103 F.Supp.2d 59, 63-64 (D.P.R.2000). A cause of action under Law 100 accrues on the date that the employee becomes aware of the adverse personnel action either through notification by the employer, *see* ***American Airlines v. Cardoza-Rodriguez,*** 133 F.3d 111, 124-25 (1st Cir.1998), **OR THE EFFECTUATION OF THE DECISION**. *See*

*Landrau-Romero v. Banco Popular de P.R.,* 212 F.3d 607, 615 (1st Cir.2000) ("Law 100 ... has a statute of limitations of one year.") (citing *Iglesias v. Mutual Life Ins. Co.,* 156 F.3d 237, 240 (1st Cir.1998)). *Reyes-Ortiz v. McConnell Valdes,* 714 F. Supp 2d 234 at 240.

The phrase "**or the effectuation of the decision**" is missing from Defendants' motion. And this phrase in the *Reyes-Ortiz* decision defeats Defendants' argument that the date of the notification of the termination is the date the statute of limitations is triggered. The truth is this: it is the date of when termination becomes **"effective"** that  the date when the statute of limitations is triggered. Thus, assuming that the Plaintiff's dismissal became effective and concrete on **July 31, 2008**, that is the date when the statute of limitations begins to run, not May 8, 2008 as argued by the Defendant.

Therefore, the first complaint file by the Plaintiff was timely filed.

C)     **Law 115**

In the complaint at bar, Plaintiff argues at ¶ 13 that:

"The following Monday, April 30, 2007, Plaintiff filed an oral complaint regarding the events of April 26, 2007 described above, with the Dean of the Social Sciences Department, Professor AlfonsoSantiago Cruz, instead ofhis immediate supervisor, Prof. Ramos González, in light of the fact that the second does not deny is gay. At this time, Plaintiff advised Dean Santiago Cruz that if the university **did not take remedial actions immediately, he would take legal action.**"

At ¶ 14, Plaintiff states that legal action was not necessary because an agreement was reached with Dean Santiago where legal action became unnecessary. Paragraph 14 then describes the terms of that agreement.

At ¶ 18, again Plaintiff states that:

"Given the verbal  agreements reached between Dean Santiago Cruz and the Plaintiff, Plaintiff did not pursue the complaint against Professor Sievens Irizarry and the PCUPR through **additional legal channels**, since the end result was that he (Professor Sievens) would not be in a position to retaliate against him, and an investigation leading to his dismissal was forthcoming."

As can be clearly seen from the previous allegations of the complaint, Plaintiff was induced and mislead into NOT filing legal action against the Defendant. Therefore, assuming as true the pleadings of the complaint previously stated, Defendant is equitably estopped from arguing failure to file a complaint against the defendant. Plaintiff submits

that Defendant does not have the necessary clean hands necessary to raise said argument.

Precisely, it is in this scenario that the case **LUPU v. Wyndham**, 524 F. 3d 312 (1st Cir. 2008) fits like a glove.

In **Lupus**, the Court of Appeals considered whether the Plaintiff Lupus had threatened to file a complaint against Wyndham as part of the analysis of whether Law 115 was triggered:

> "[A]t Lupu's deposition, he admitted that he never offered or attempted to offer any information to the Puerto Rico governmental authorities listed in the statute; **nor had he threatened to go to such authorities with any report of perceived irregularities in the operations at the hotel**....He does not assert he had discussions with the entities listed in the statute or told Oliver **that he intended to go to the authorities**." *LUPU*, *supra* at 314.

Plaintiff submits that this language from the Court of Appeals raises the possibility, that in appropriate circumstances not found in that case, an employees  threat of going to the authorities does trigger Law 115 protection if unlawful termination of the employment takes place prior to actually filing a complaint against the employer, and this failure to file is the direct result of the employer fraudulently inducing the employee into not doing so.

Plaintiff further submits that Law 115 is also triggered when the threat to go to authorities does not materialize because the employer acted in bad faith, and mislead the Plaintiff into not taking legal action, by reaching an agreement that was later breached by the employer.  In this case, we have a situation where the employer, the Defendant, induced the Plaintiff into NOT filing the complaint because he was led to believe that his complaints of homosexual harassment would be reasonably resolved.

Therefore, considering this is a diversity case where Puerto Rico law applies, Plaintiff submits that Defendant cannot argue Plaintiff's failure to comply with Law 115 because they are estopped from doing so. **General Electric v. Concrete Builders**, 4 P.R. Offic. Trans. 1221 (1976). The Defendant cannot benefit from his fraudulent conduct in inducing the Plaintiff into NOT filing a complaint with the authorities or the Courts.

Defendant attempts to belittle the importance of the Court of Appeal's reference to LUPU's failure to make "threats" of filing a complaint against Wyndham. If making a threat of this nature was not important, why then did the Court of Appeals twice make reference to this omission?

Certainly, the Court of Appeals finding in **LUPU** taking notice of these omissions gives grounds to Plaintiff's argument in the case at bar that making the threats of filing a complaint against his employer can trigger Law 115 in the proper circumstances, this being one of them.

D)    **Tort Claims are Time Barred**

The issue of whether the tort actions under Article 1802 of Puerto Rico's Civil Code is time barred has been discussed previously, and will not be argued again.

However, Plaintiff notes that Law 115 provides a tort cause of action for damages, and therefore, Article 1802 is superceded by Law 115. See **Reyes-Ortiz v. McConnell Valdes**, 714 F. Supp 2d 234 at 239. And Law 115 has a statute of limitations period of three years.

> "Any person claiming a violation of §§ 194 et seq. of this title may prosecute a civil action against the employer within three (3) years from the **date in which the violation took place** and request compensation for unearned salaries, benefits and attorney's fees for the real damages suffered, for mental anguish, and reinstatement in his/her job. The employer's liability regarding the damages and the unearned salaries shall be double the amount determined as having caused the violation of the provisions of §§ 194 et seq. of this title." (Emphasis added.)

E)    **Conclusion**

Defendant's argument calling for the dismissal of the case at bar is actually an attempt to legitimize their unlawful dismissal and attempt to justify their bad faith conduct that fraudulently led to Plaintiff's failure to file legal action for the homosexual harassment he was subjected to.

Plaintiff exhausted every reasonable avenue he had withing the walls of the University he loves to prevent this unlawful conduct he was subjected to, while at the same time, avoiding third parties from becoming privy of these events.

It is unfortunate that the Defendant's administration failed to take advantage of the opportunity given by the Plaintiff of cleaning the dirty laundry inside the house.

WHEREFORE, AND IN VIEW OF THE FOREGOING, Plaintiff moves that the motion to dismiss be denied *in toto*.

I HEREBY CERTIFY that a copy of this motion has been notified to brother counsel Jorge Martinez Luciano through the Court's CM/ECG system.

In San Juan, Puerto Rico, this 3rd day of june, 2011.

LAW OFFICE OF MANNY SUAREZ
P.O. Box 11096
San Juan, Puerto Rico 00910-2196
(787) 504-6035
mannysuarezlaw@hotmail.com
S/ Manuel R. Suarez Jimenez

_____
S/ Manuel R. Suárez Jiménez
USDC-PR # 202914

-6-