1

2

3   **IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF PUERTO RICO**

4   WILKINS ROMAN-SAMOT

        Plaintiff.

5        v.                                    **Civil No. 10-1879 (SEC)**

6   PONTIFICAL CATHOLIC UNIVERSITY
    OF PUERTO RICO

7        Defendant,

8

9                           **OPINION AND ORDER**

10        Pending before this Court are defendant Pontifical Catholic University of Puerto Rico's

11  (the "University") motion to dismiss (Docket # 14), plaintiff Wilkins Roman-Samot's

12  ("Roman") opposition thereto (Docket # 24), the University's reply (Docket # 27), and Roman's

13  sur-reply (Docket # 36). After reviewing the filings, and the applicable law, the University's

14  motion is **GRANTED in part and DENIED in part.**

15        **Factual and Procedural Background**

16        On September 13, 2010, Roman, a former non-tenured professor of the University, filed

17  this diversity and federal question suit against his former employer, alleging sex-based

18  discrimination consisting of sexual harassment in violation of Title VII and Puerto Rico's

19  general tort statutes. Docket # 1.[1] Additionally, Roman alleges that the University retaliated

20  against him in contravention of the Puerto Rico Whistle-Blower Act ("Law 115"). In essence,

21  Roman argues that, while working as a professor, a colleague subjected him to several unwanted

22  homosexual advances. He further alleges that, even though he complained to the University's

23  administration, they did nothing to rectify the situation as they failed to investigate his

24  _____

25        [1] This case was originally filed on July 30, 2009. See Civil Case No. 09-1734. The Clerk,
    however, dismissed it without prejudice because Roman had failed to pay the required filing fee. See
26  Local Rule 3(a).

**Civil No. 10-1879 (SEC)**                                                                                  **Page 2**

allegations. Instead, he asserts that the University retaliated against him by not renewing his contract.

The facts as alleged by Roman in his amended complaint are as follows.

Roman worked for the University as a professor of social sciences from January 2007 to July 31, 2008, the effective date of his termination. Docket # 11 at ¶¶ 3-5. In that time frame, Roman shared offices with Professor Otto Sievens ("Sievens"), the Chairman of the Evaluations Committee (the "Committee") for Roman's department. Roman affirms that, ever since he started teaching in 2007, Sievens constantly discussed with him the graduate students' sexual conduct in the University's restrooms. Id. ¶ 9. Allegedly, every time Sievens engaged in such salacious conversations, Roman would ask him to either change the subject or simply halt the discussion. Id. ¶ 10.

On April 26, 2007, Sievens allegedly invited Roman to go to the men's bathroom and masturbate in front of him. Id. ¶ 11. Upon refusing such invitation, Sievens allegedly told Roman that his rejection would have "consequences."Id. ¶ 12. A couple of days later, Roman filed an oral complaint with the Dean of the Social Sciences Department, Professor Alfonso Santiago ("Santiago") in connection with the events described above. Id. ¶ 12. According to the complaint, Roman told Santiago that if the University failed to take immediate remedial actions, he would sue. Id. Roman alleges that he and Santiago reached a verbal agreement to put an end to the alleged harassment. Id. ¶¶ 14-18. Once the fall semester began, however, Roman posits Sievens remained at the helm the Committee, and that the University failed to investigate Roman's grievances regarding Sievens' conduct, thereby violating the terms of the verbal agreement. Id. ¶ 19.

According to the complaint, between August 2007 and March 2008, Siemens told Roman that he was "untouchable" because the University had a history of disregarding the rules

**Civil No. 10-1879 (SEC)**                                                    **Page 3**

pertaining to its employees' conduct. Id. ¶ 22. Things unraveled and, on March 14, 2008, the University informed Roman that he would be evaluated by the Committee Sievens presided. Id. ¶ 27.

On May 8, 2008, Roman received a letter from the University informing him of his termination effective July 31, 2008. According to the complaint, Roman was told that his dismissal was based upon the Committee's negative evaluation. Allegedly, the Committee justified Roman's dismissal on the fact that his Juris Doctor was insufficient to teach at the University. Id. ¶ 31.

Against this factual backdrop, Roman filed the instant action.

On March 25, 2011, the University filed the present motion to dismiss for failure to state a claim, arguing that Roman has failed to state any actionable claims. See Docket # 14, p. 2. Specifically, the University contends that because Roman failed to exhaust the administrative proceedings, a condition precedent to a Title VII suit, this Court is now unable to entertain such claims. See id. at 5. With respect to Roman's Law 115 claims, the University alleges that because he failed to appear, or otherwise demonstrate that he has made expressions before a legislative, administrative, or judicial forum in Puerto Rico, these claims fail on its face. See id. at 6. Finally, the University avers that Roman's tort claims are time-barred. Id. at 7. In the alternative, the University requests that this Court strike certain pleadings because of their slanderous nature. Id.

In opposition, Roman readily concedes that he failed to exhaust administrative remedies. Puzzlingly, he proclaims that "[he] will amend the pleadings [to] remov[e] the Title VII allegations and exchang[e] them for a Law 100 . . . cause of action." Docket # 25, p. 4. Responding to the University's Law 115 defense, Roman avers that because he threatened to file a complaint against the University before the pertinent forums, his claims fall under the

**Civil No. 10-1879 (SEC)**                                                                   **Page 4**

purview of Law 115. Regarding his general tort claims, he posits that they are not time-barred.

Id.

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' "well-pleaded facts must

possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107,

112 (1st Cir. 2008).[2] In evaluating whether Plaintiffs are entitled to relief, the court must accept

as true all "well-pleaded facts [and indulge] all reasonable inferences" in plaintiffs' favor." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The First Circuit has held that "dismissal for

failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either

direct or inferential, respecting each material element necessary to sustain recovery under some

actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may

augment the facts in the complaint by reference to documents annexed to the complaint or fairly

incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. Nevertheless, in

judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts,

on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution,

and the like,' on the other hand; the former must be credited, but the latter can safely be

ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard,

83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007);

see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus, Plaintiffs must rely on more

than unsupported conclusions or interpretations of law, as these will be rejected. Berner v.

---

[2] Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant *fair notice* of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (emphasis added).

**Civil No. 10-1879 (SEC)**                                                        **Page 5**

Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Moreover, "even under the liberal pleading standards of Fed R. Civ. P. 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Twombly, 550 U.S. at 559. Although complaints do not require detailed factual allegations, the plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. at 556.

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S. Ct. at 1949-50. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 1949. Specifically, the court is not obligated to accept legal conclusions set forth as factual allegations in the complaint. Id.

Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555); see also Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). In other words, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Second, a complaint survives only if it states a plausible claim for relief. Id. (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Id. A claim has facial

plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. Id. at 1949, 1952. Such inferences must amount to more than a sheer possibility and be as plausible as any obvious alternative explanation. Id. at 1949, 1951. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 1950.

Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that "the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir.2001) (quoting Aldahonda-Rivera v. Parke Davis & Co., 882 F.2d 590, 591 (1st Cir.1989)).

**Applicable Law and Analysis**

*Title VII claims*

The University moves to dismiss Roman's Title VII claims on the grounds that he filed a charge neither before the Equal Employment Opportunity Commission ("EEOC") nor with the Puerto Rico Department of Labor's Anti-Discrimination Unit. Such omissions entail that Roman failed to exhaust the administrative remedies, a requisite prior to filing a Title VII claim in this Court. See e.g., Abraham v. Woods Hole Oceanographic Institute, 553 F.3d 114, 119 (1st Cir. 2009).

As noted above, Roman concedes to this noncompliance. Docket # 25, p. 4. Given Roman's unequivocal admission, the Court **GRANTS** the University's motion to dismiss on this front. Consequently, Roman's Title VII claims are **dismissed**.

Roman, however, says that "[he] will amend the pleadings [to] remov[e] the Title VII allegations and exchang[e] them for a Law 100 . . . cause of action." Id. While Roman's course of action is understandable— the Puerto Rico Anti–Discrimination Act ("Law 100"), P.R. Laws

**Civil No. 10-1879 (SEC)**                                                    **Page 7**

Ann. tit. 29, § 146 does not require the exhaustion of administrative remedies—the vessel he

chose to "exchange" these claims runs afoul of basic notions of federal procedure. As the

University correctly points out, "[t]he Federal Rules of Civil Procedure do not contemplate the

'exchanging' of claims via motion." Docket # 27, p. 2.

*The "exchange" of claims; Law 100 and Tort claims*

As an initial matter, the Court agrees with the University that if Roman wishes to include

a Law 100 claim for sexual harassment, he should have filed a motion requesting leave to do

so and tender a second amended complaint. Under Federal Rule of Civil Procedure 15, parties

must obtain leave to amend from either the opposing party or the court in order to amend their

complaint after a responsive pleading has been filed.[3]   The University filed and served its

motion to dismiss on March, 23, 2011. Roman, however, failed to amend his complaint in the

prescribed time frame as a matter of course; that is, more than 21 days after the University filed

its motion under Rule 12(b). Overlooking this procedural defect, the Court will treat Roman's

opposition—filed on May 10, 2011—as a leave to amend his complaint.

In any event, the University alleges that the addition of a Law 100 claim would be futile

because such claim would be time-barred. Docket # 27, p. 2. It predicates this contention on the

fact that Law 100 has a one-year statute of limitation, counted from the date of Roman's

termination letter. According to the complaint, on May 8, 2008, Roman received the termination

letter, effective July 31, 2008. See Docket # 11 at ¶ 31. Hence, the University argues, Roman

---

[3] Fed.R.Civ.P. 15(a)(i) states:
(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course: (A) 21 days after serving it, or  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier. (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the courts' leave. The court should freely give leave when justice so requires. . . .

**Civil No. 10-1879 (SEC)**                                                                                    **Page 8**

had until May 8, 2008, the date that he received the letter, to file a complaint. But Roman's first complaint—which, again, was dismissed for failure to tender the filing fee—was filed on July 30, 2009. To cinch matters, that Clerk of Court dismissed that complaint on August 4, 2009, but it was not until September 13, 2010 that Roman filed the instant action.

It should go without saying that courts should freely grant leave to amend the pleadings. However, there are "[l]imited reasons for denying a pre-judgment motion to amend include 'undue delay, bad faith, *futility* and the absence of due diligence on the movant's part.'"Gonzalez v. Hurley Intern., Inc., Civil No. 10–1919, 2011 WL 1404916 at *1 (D.P.R. Apr 12, 2011) (emphasis added) (quoting Torres–Alamo v. Puerto Rico, 502 F.3d 20, 25–26 (1st Cir. 2007)); see also Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (holding that "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."). In fact, the First Circuit has held that courts should not allow grant leave to amend a complaint to include claims that would be time-barred. See e.g., Abraham v. Woods Hole Oceanographic Institute, 553 F.3d 114, 119 (1st Cir. 2009).

Roman alleges that he timely filed the first complaint. This, based on the equivocated notion that the statute of limitations was triggered when his termination became effective, i.e., July 31, 2008, as opposed to the date of his termination letter. The statute of limitations governing an action filed under Law 100 is one year. E.g., Landrau-Romero v. Banco Popular De Puerto Rico, 212 F.3d 607, 615 (1st Cir. 2000); Lopez-Machin v. Indupro, 668 F.Supp.2d 320, 324 (D.P.R. 2009) ("[I]f a Law 100 . . . claim is not made, or properly notified to a defendant, within a one year statute of limitations from knowledge of the injury, this claim is lost.") (citation omitted).

In line with the foregoing, well-settled Puerto Rican law dictates that "[w]hat determines when the statute of limitations begins to run [is] the moment when the aggrieved party becomes

**Civil No. 10-1879 (SEC)**                                                      **Page 9**

aware of [the damage]." <u>Delgado Rodriguez v. Nazario de Ferrer</u>, 121 P.R. Dec. 347, 261, 21

P.R. Offic. Trans. 342 (1988) (citing <u>Colon Prieto v. Geigel</u>, 115 P.R. Dec. 232, 243-247

(1984)). In <u>Delgado Rodriguez</u>, the Supreme Court of Puerto Rico held that the statute of

limitations had began to run when the employee received his termination letter, and thus was

"[n]otified of his removal." <u>Id.</u>

   Even accepting Roman's unavailing invitation that he timely filed the first complaint, his

second complaint, <u>i.e.</u>, the instant action, is nevertheless time-barred because Roman filed it in

excess of a year from the date of dismissal of the first complaint. <u>See</u> <u>Rodriguez v. Suzuki</u>

<u>Motor Corp.</u>, 570 F.3d 402, 407 (1st Cir. 2009) (holding that "[w]hen a plaintiff tolls the statute

of limitations by bringing an action before the courts, the mere filing of the complaint has a

tolling effect. . . . .") (citations and internal quotation marks omitted); <u>Velazquez Rodriguez v.</u>

<u>Municipality of San Juan</u>, —— F.3d ——, —— (1st Cir. 2011) [No. 09-1769, slip op. at 7]

(same). Said differently, Roman's first complaint was dismissed on August 4, 2009; he had until

August 4, 2010 to re-file it. But it was not until September 13, 2010 that Roman filed the instant

action. Because Roman failed to re-file his complaint before August 4, 2010, his Law 100

claims are time-barred. <u>See</u> <u>Rodriguez-Garcia v. Mun. of Caguas</u>, 354 F.3d 91, 96 (1st Cir.

2004) (ruling that once an action [is dismissed without prejudice] the statute of limitations is

reset and "begins to run anew from th[at] date.").

   In sum, as the University succinctly puts it "[Roman] twice allowed more than one year

to go by before seeking judicial redress." Docket # 27, p. 3. Accordingly, the Court denies

Roman leave to amend his complaint since adding an evidently time-barred Law 100 claim

constitutes an exercise in futility.

   By like token, because under Articles 1802 and 1803 Roman's tort claims are subject to

a one-year statute of limitations, such claims cannot prosper as they are also time-barred. <u>See</u>

**Civil No. 10-1879 (SEC)**                                                    **Page 10**

Marcano-Rivera v. Pueblo Intern., Inc., 232 F.3d 245, 254 (1st Cir. 2000); P.R. Laws Ann. tit. 31, § 5298 (providing that the one-year statute of limitations starts to "[r]un from the time the aggrieved person had knowledge thereof.").

In consequence, the University's motion to dismiss is **GRANTED**; Roman's tort claims are **dismissed** as they are irrefragably time-barred.

*Law 115 claims*

As previously noted, the University posits that because the complaint lacks any allegation that Roman, prior to his termination, appeared before any state or federal administrative agency, before the Puerto Rico Legislature or before state or federal court, his Law 115 claims cannot prosper. See Docket # 14, p. 6. Opposing, Roman essentially contends that because the complaint alleges that he threatened to sue the University, such threats should suffice to survive the motion to dismiss. See Docket # 36, p. 4.

The Puerto Rico Whistle-Blower Act, commonly known as Law 115, P.R. Laws Ann tit 29, § 194 et seq, provides in pertinent part:

> (a) No employer may discharge, threaten, or discriminate against an employee regarding the terms, conditions, compensation, location, benefits or privileges of the employment should the employee *offer or attempt to offer*, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico, when such expressions are not of a defamatory character nor constitute disclosure of privileged information established by law.

Id. § 194a. (emphasis added). Furthermore, Law 115 "[r]equires the employee to establish, by direct or circumstantial evidence, a prima facie case that he or she (1) participated in an activity protected by [Law 115] and (2) was subsequently discharged or otherwise discriminated against." Collazo v. Bristol-Myers Squibb Mfg., Inc., 617 F.3d 39, 45 (1st Cir. 2010) (citations and internal quotation marks omitted).

**Civil No. 10-1879 (SEC)**                                                           **Page 11**

Here, the complaint contains no allegations demonstrating that Roman "offered" any information "before a legislative, administrative or judicial forum in Puerto Rico." P.R. Laws Ann. tit. 29, § 194a(a); <u>Collazo</u>, 617.F.3d at 45. Roman, however, insists that paragraphs 13 and 14 of the complaint allege that he threatened to take legal action against the University and that, under <u>Lupu v. Wyndham El Conquistador Resort & Golden Door Spa</u>, 524 F.3d 312, 313 (1st Cir. 2008), such actions fall under the purview of Law 115.[4] In other words, Roman equates threatening to file a lawsuit with "attempting to offer" information before a judicial forum.

In <u>Lupu</u>, the First Circuit held that an employee did not offer or attempt to offer testimony under § 194a(a) where he discussed concerns with his supervisor in connection with the employer's noncompliance with government regulations, "[b]ut [the] employee did not report *or threaten to report* the perceived irregularities to authorities." <u>Collazo</u>, 617.F.3d at 45 (emphasis added) (quoting <u>Lupu</u>, 524 F.3d at 313). Noting that "[t]here is a marked difference between attempting to offer testimony and threatening to do so," the University attempts to minimize the effect of <u>Lupu</u>. Docket # 27, p. 4. Moreover, the University correctly adds that "threatening" to offer testimony is not included in § 194a(a). <u>Id.</u>

Arguing that the <u>Lupu</u> Court allowed the possibility that an employee's threat of filing a lawsuit could trigger Law 115 if his unlawful termination occurs prior to the filing of a

---

[4] In pertinent part, the complaint states:

> 13. [P]laintiff filed an oral complaint . . . with [Santiago]. . . . At this time, Plaintiff advised [Santiago] that if the university did not take remedial actions immediately, he would take legal action.

> 14. [Santiago's] relief to Plaintiff's complaint was an agreement to getting a key to the men's bathroom, and removing [Sievens] from the evaluations board effective the following semester, in order to prevent retaliatory action by [Sievens]. . . .
> Docket # 11 at ¶¶ 13-14.

**Civil No. 10-1879 (SEC)** **Page 12**

complaint, Roman contends that the University led him to believe that his protestations would be resolved. And that such reassurances explain why he abstained from going forward with the complaint. See Docket # 36 p. 4.

The University's statutory argument is sound; nowhere in § 194a(a) is the word "threat" included. The threshold question, however, is whether Roman's threat of filing a lawsuit because of Sieven's alleged sexual harassment can be considered an "attempt" to sue for Law 115 purposes. The Puerto Rico Supreme Court has yet to address this issue. As a prudential matter, this Court will decline to rule on this issue of first impression because the parties have failed to fully brief the topic.

Although this is a close case, the Lupu Court—perhaps inadvertently—opened the door to the possibility that threatening to file a complaint suffices to activate the Law 115's safeguards. Thus, deferring this determination for a later stage of the proceedings, the Court will deny the motion to dismiss on this front.

Besides, on a motion to dismiss, courts shall "accept[] as true all well-pleaded facts, analyzing those facts in the light most hospitable to the plaintiff's theory, and drawing all reasonable inferences for the plaintiff." New York v. Amgen Inc., 652 F.3d 103, 109 (1st Cir. 2011) (quoting United States ex rel. Hutcheson v. Blackstone Medical, Inc., 647 F.3d 377, 383 (1st Cir.2011)). Importantly, "[l]abor laws are of a remedial character, with an eminently social and curative purpose. They are instruments for protecting the working class [from] sexual harassment and discriminatory acts . . . . Their liberal interpretation, in favor of those whom they intend to protect, is imperative." Hernandez v. Raytheon Serv. Co. P.R., Civil No. 05-1937, 2006 WL 1737167 at *2 (D.P.R. Apr 27, 2006) (citations and internal quotation marks omitted); Irizarry v. J & J Cons.Prods. Co. (P.R.), Inc., 150 P.R. Dec.155, 164 (2000) (holding that courts should construe any ambiguity in Law 115 in favor of the employee).

**Civil No. 10-1879 (SEC)**                                                          **Page 13**

In the present instance, the liberality with which courts should interpret Puerto Rico's labor laws, such as Law 115, favors Roman. Hence, his Law 115 claims, which have a three-year statute of limitations, survive the motion to dismiss.

*Request to strike certain pleadings*

There is one loose end. The University moves to strike certain allegations from the pleadings. See Fed.R.Civ.P. 12(f). It points to Roman's baseless accusation that a non-party to this case has an out-of-wedlock son. The University also takes exception to Roman's allegations that it violated the Canonic Code and Vatican decrees concerning the Catholic Church's ban on homosexuality. Roman failed to oppose this petition.

Fed.R.Civ.P. 12(f), provides that "the court may order stricken from any pleading any ... redundant, immaterial, impertinent, or scandalous matter." Under this rule

> scandalous allegations ... will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations. But there are several limitations on the court's willingness to strike scandalous allegations. For example, it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action. As a result, courts have permitted allegations to remain in the pleadings when they supported and were relevant to a claim for punitive damages.

In re Gitto Global Corp., 422 F.3d 1, 12 (1st Cir. 2005) (citations omitted); see also Morell v. United States, 185 F.R.D. 116, 118 (D.P.R. 1999) (noting that "[t]he granting of the motion to strike is within the discretion of the court.") (citation omitted).

Upon consideration, the Court finds these allegations not only wholly irrelevant to the disposition of this case, but also scandalous, bordering on unethical. Indeed, the "[i]nstant case is not about an inquiry into the Church's behavior or that of its men of the cloth." Docket # 14, p. 8. Given that the remaining inquiry questions whether the University violated Law 115 by dismissing Roman after he threatened to file a lawsuit, the Court will **STRIKE** the aforementioned matters from the pleadings.

**Conclusion**

Because Roman's general tort claims are time-barred, they are hereby **dismissed with prejudice**. Likewise, because Roman failed to exhaust administrative remedies prior to filing the instant action, his Title VII claims are **dismissed with prejudice**. Furthermore, this Court **DENIES** Roman's futile and defective "exchange" to include a new cause of action under Law 100. With respect to Roman's Law 115 claims, the University's motion to dismiss is **DENIED**. Finally, the Court **GRANTS** the University's request to strike certain pleadings; such matters are hereby **STRICKEN** from the record.

For the reasons articulated above, the University's motion is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of October, 2011.

> *S/ Salvador E. Casellas*
> SALVADOR E. CASELLAS
> U.S. Senior District Judge