IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILKINS ROMAN-SAMOT

    Plaintiff,

    v.

PONTIFICAL CATHOLIC UNIVERSITY
OF PUERTO RICO

    Defendant.

Civil No. 10-1879 (SEC)

**OPINION AND ORDER**

In conformity with this Court's inherent power, and for the reasons set forth below, plaintiff's only remaining claim against defendant is dismissed for want of prosecution.

**Factual and Procedural Background**

A comprehensive recitation of the facts of this case can be found in this Court's Opinion and Order issued on October 21, 2011. See Roman-Samot v. Pontifical Catholic University of Puerto Rico, Civ. No. 10-1879, 2011 WL 5025978 (D.P.R. Oct. 21, 2011). Suffice it to say that, ever since the inception of this action, plaintiff has neglected the diligent prosecution of this case.

For starters, although the complaint was filed on September 13, 2010, this Court had to enter a show cause order on January 13, 2011, because plaintiff had failed to request the issuance of summons. Docket # 6. Then, in March 2011, this Court issued a second show cause order, where it observed that plaintiff had violated previous orders, to wit, failing to file the proof of service of process or show cause why the case should not be dismissed for lack of prosecution. Docket # 10. With the Court's patience running low, plaintiff finally complied with such elementary components of civil procedure. Sometime later, however, plaintiff disregarded another court order. Docket # 37.

**Civil No. 10-1879 (SEC)**                                                                 Page 2

After granting plaintiff's successive extensions of time—but dismissing most of his claims for failure to re-file his complaint within the statute of limitations—this Court held a Case Management and Settlement Conference on November 7, 2011.[1] Plaintiff's counsel, however, neither appeared at the conference nor informed this Court about his impending absence. Docket # 48. The Court even called his office several times, to no avail. As a consequence of this noncompliance, a $250 sanction was imposed upon plaintiff's counsel for his unexcused absence. Id.

Notably, the Minutes of Proceeding specifically stated the following: "This Court forewarns plaintiff's counsel that it will not tolerate further absences. *Failure to show up at the next Conference will entail the harshest [of] sanctions*." Id. (emphasis added). The conference was then rescheduled for December 20, 2011. Docket # 52.

December 20 came and went, yet plaintiff's counsel shockingly failed to attend that conference as well. Just like his last no-show, he neither filed a motion nor notified this Court about his absence. Again, the Court called plaintiff's office several times; no one answered. After waiting for approximately an hour, the Court had to suspend the conference for a second consecutive time.

Against this backdrop, the Court is dismayed by plaintiff's blatant disregard of this Court's orders. After exhausting "milder" alternatives, i.e., the $250 sanction, the Court has no recourse but to dismiss this action for want of prosecution.

---

[1] Plaintiff's first complaint—which was dismissed for failure to tender the filing fee—was filed on July 30, 2009. The Clerk of Court dismissed that complaint on August 4, 2009, but it was not until September 13, 2010 that plaintiff filed the instant action. For these reasons, this Court held that plaintiff's general tort claims were time-barred. Likewise, because plaintiff had failed to exhaust administrative remedies, his Title VII claims were dismissed with prejudice. Roman-Samot, 2011 WL 5025978. Plaintiff's sole remaining claim against defendant is under Puerto Rico Law 115, P.R. Laws Ann tit. 29, § 194 et seq. See id. at *7

**Civil No. 10-1879 (SEC)**                                                                 Page 3

### Standard of Review

It is well-settled law that courts can invoke their inherent power together with Fed. R. Civ. P. 41(b) to dismiss a case with prejudice when a party fails to comply with their orders. E.g., Vazquez-Rijos v. Anhang, 654 F.3d 122, 127 n. 12 (1st Cir. 2011).[2] This bedrock principle is in line with the axiom that the "[e]ffective administration of justice requires that trial courts possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)); cf. Fed. R. Civ. P. 1 (the rules should be interpreted "and administered to secure the just, speedy and inexpensive determination of every action").

Having said this, dismissal with prejudice is no benign sanction. That is why in Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc., 848 F.2d 315, 317 (1st Cir. 1988), the First Circuit made clear that dismissal for want of prosecution is appropriate only when the plaintiff's misconduct has been "extreme." As relevant here, examples of extreme misconduct include: defiance of court orders or ignoring warnings. Chamorro, 304 F.3d at 5 (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). The typical aggravating circumstance is a "wasteful expenditure of the court's time." Id. (citing Enlace, 848 F.2d at 317); Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) ("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.") (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002)).

Last but not least, prior notice—while not technically a prerequisite to dismissal with prejudice— is nevertheless an indispensable consideration. See Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996), 81 F.3d 1, 3 (affirming that "[c]ounsel's disregard of a prior warning

---

[2] In pertinent part, Rule 41(b) authorizes a district court to dismiss an action "for failure of the plaintiff to prosecute or to comply with . . . any order of the court."

**Civil No. 10-1879 (SEC)**                                                                 Page 4

from the court exacerbates the offense, and the lack of warning sometimes mitigates it"); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

 **Applicable Law and Analysis**

 For the following reasons, the Court strongly believes that dismissal with prejudice is the appropriate sanction in this case.

 First, plaintiff's repeated violations undermine this Court's efforts to manage its docket. <u>See</u> <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43, 46 (1st Cir. 2002) ("To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process-and a party's disregard of such orders robs them of their utility."). Plaintiff's two repeated absences deprived this Court of precious time that *would have been* better utilized. In an era of congested judicial calendars, this behavior is simply unacceptable.

 Second, the exhibited misconduct breaches plaintiff's duty as an official of this Court, <u>see</u> <u>Rosario-Diaz v. Gonzalez</u>, 140 F.3d 312, 315 (1st Cir. 1998) (discussing a party's "unflagging duty to comply with clearly communicated case management orders"), and wastes not only this Court's time but also that of defense counsel, who traveled from the other side of the island to attend both conferences. Third, and as noted above, plaintiff's noncompliance, far from being an isolated incident, comprises a pattern of flagrant abuses in this record. <u>See</u> Dockets # 6, 10, 37 & 48.

 Plaintiff's modus operandi of noncompliance, therefore, satisfies the "extreme misconduct" test. Indeed, Plaintiff (1) defies court orders; (2) ignores warnings; and (3) incurs in aggravating circumstances by wasting this Court's time and resources, among other violations. <u>See</u> <u>Chamorro</u>, 304 F.3d at 5.

Furthermore, this Court gave plaintiff a clear and unambiguous notice that it would tolerate no further absences, and that "[f]ailure to show up at the next Conference [would] entail the harshest [of] sanctions." Docket # 48. In case there is any doubt, "[d]ismissal with prejudice *is the harshest of sanctions . . . .*" Rivera Diaz v. American Airlines, Inc., 433 F.3d 120, 122-23 (1st Cir. 2005) (emphasis added). Although fully briefed on the ramifications of neglecting to attend the second conference, plaintiff's counsel surprisingly chose to assume that risk. See Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005) ("[A] party flouts a court order at his peril.").

After a careful balancing of interests, plaintiff's pattern of noncompliance leaves this Court with no choice but to follow-up on its warning, and impose the harshest of sanctions upon him. For these reasons, plaintiff's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of December, 2011.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge